UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRAVIS MAYBERRY SR.,

    Plaintiff,

    v.  CAUSE NO.: 3:18-CV-662-PPS-MGG

IDOC, et al.,

    Defendants.

OPINION AND ORDER

Travis Mayberry Sr., a prisoner without a lawyer, filed a complaint against the Indiana Department of Correction and Corizon Health Services. A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mayberry alleges that, in March 2012, he injured his left ankle while playing basketball. He received some treatment in 2012, including physical therapy, but it did not relieve the pain, and he was not allowed to see a specialist. Since 2012, he has received no medical treatment. As a result, Mayberry continues to

experience pain and limited mobility with his left ankle and has developed reflex sympathetic dystrophy. He seeks money damages and an order to see a specialist and to receive appropriate medical treatment.

Mayberry alleges an Eighth Amendment claim of deliberate indifference to serious medical needs against the Indiana Department of Correction. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, the Indiana Department of Correction is not suable entity. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Therefore, this defendant is dismissed.

Mayberry also alleges an Eighth Amendment claim of deliberate indifference to serious medical needs against Corizon Health Services. A corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995).

2

The policy or custom must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). Because Mayberry does not allege that a policy or custom was the moving force behind his inadequate medical treatment, he does not state a claim against Corizon Health Services.

Additionally, Mayberry is no longer under the medical care of Corizon Health Services. On April 1, 2017, Wexford Medical Services assumed responsibility for providing medical services for the Indiana Department of Correction. Wexford News Release, April 3, 2017, available at http://www.wexfordindiana.com/news---events.html. As a result, it could not comply with any court order regarding Mayberry's medical treatment. Therefore, Mayberry cannot proceed on an injunctive relief claim against Corizon Health Services.

Nevertheless, I will grant Mayberry the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the prison law library. On the amended complaint, he must put the cause number of this case which is on the first page of this order. If Mayberry seeks to pursue claims against Corizon Health Services or any other corporate entity, he must identify the policies or practices that caused medical staff or correctional staff to violate his constitutional rights. This narrative should be organized in numbered paragraphs.

As a final matter, Mayberry has not resolved his filing fee status. To proceed with this case, Mayberry must either immediately pay the filing fee in full or file a

motion for leave to proceed in forma pauperis. If he choose to file a motion for leave to proceed in forma pauperis, he should request this court's form motion from the law library and file it with his trust fund ledgers for the last six months attached.

For these reasons, the court:

(1) GRANTS Travis Mayberry, Sr., until <u>October 1, 2018</u>, to file an amended complaint and to resolve his filing fee status; and

(2) CAUTIONS Travis Mayberry, Sr., that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on September 4, 2018.

s/ Philip P. Simon<br>
<u>JUDGE</u><br>
UNITED STATES DISTRICT COURT