UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRAVIS MAYBERRY, SR.,

Plaintiff,

v.                                                  CAUSE NO.: 3:18-CV-662-PPS-MGG

CORIZON HEALTH SERVICE,

Defendant.

OPINION AND ORDER

Travis Mayberry, Sr., a prisoner without a lawyer, filed an amended complaint

against Corizon Health Service. [DE 9.] "A document filed *pro se* is to be liberally

construed, and a pro se complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the

complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or

seeks monetary relief against a defendant who is immune from such relief. "In order to

state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants

deprived him of a federal constitutional right; and (2) that the defendants acted under

color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

This is Mayberry's third complaint. [DE 9.] In his complaints, he alleges that, in

March 2012, he injured his left ankle while playing basketball at the Miami Correctional

Facility. He alleges that he received some treatment in 2012, including physical

therapy, but it did not relieve the pain, and he was not allowed to see a specialist. He

alleges that, as a result, he continues to experience pain and limited mobility with his left ankle and has developed reflex sympathetic dystrophy. I dismissed the previous two complaints [DE 2, 4] because: (1) Mayberry named Corizon Health Service, a corporate entity, as the only defendant but did not identify a policy or practice that caused a violation of his constitutional rights; (2) Mayberry focused solely on conduct from 2012, which falls well outside the applicable limitations period; and (3) Mayberry cannot proceed on an injunctive relief claim against Corizon Health Service because it no longer provides health care services for the Indiana Department of Correction. [DE 3, 7.]

In the third complaint [DE 9], Mayberry does not address any of these defects but instead points to policies that Corizon Health Service did not follow with respect to his medical treatment. As a result, this complaint also does not state a claim upon which relief can be granted. Therefore, I must consider whether to allow Mayberry another opportunity to state a valid claim by amending his complaint. "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). Because Mayberry has already submitted three complaints and has declined to address the deficiencies of his claim, it appears that allowing any further amendments would be futile.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A

because the complaint does not state a claim upon which relief can be granted.

SO ORDERED on: November 7, 2018

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**